IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| QUINTON FUGERSON,<br><br>*Plaintiff*,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY,<br><br>*Defendant.* | CIVIL ACTION NO.<br>4:24-cv-00156-TES |

**ORDER DENYING MOTION TO DISMISS AS MOOT**

Plaintiff Quinton Fugerson amended his Complaint on November 19, 2024, after Defendant Travelers Property Casualty Insurance Company moved to dismiss his original Complaint [Doc. 7-1]. *See* Fed. R. Civ. P. 15(a)(1)(B); [Doc. 7]; [Doc. 6]. Under federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). In other words, "the original pleading is abandoned by the amendment, and [it] is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

An abandoned complaint retains legal effect only if the amended complaint

"specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted). Absent such incorporation, the filing of an amended complaint renders moot any "motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." *Wimberly v. Broome*, No. 6:15-cv-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (collecting cases).

In this case, the Court reviewed Plaintiff's Amended Complaint [Doc. 10] and found no reference to, or adoption of, any allegations set forth in his original Complaint. *Compare* [Doc. 10], *with* [Doc. 7-1]. As a result, the Amended Complaint is the sole operative pleading in this case, rendering Defendant's Motion to Dismiss moot. *See Wimberly*, 2016 WL 3264346, at *1; *Taylor v. Alabama*, 275 F. App'x 836, 838 (11th Cir. 2008); [Doc. 10]; [Doc. 6].

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss [Doc. 6] **as moot**.

**SO ORDERED**, this 20th day of November, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**